John S. Devlin III, WSBA #23988
Abraham K. Lorber, WSBA # 40668
LANE POWELL PC
1420 Fifth Avenue, Suite 4100
Seattle, Washington 98101-2338
Telephone: 206.223.7000
Facsimile: 206.223.7107

Attorneys for Defendant FIA Card Services, N.A., *erroneously sued as* Bank of America

THE HONORABLE LONNY R. SUKO

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| GARY BRIGGS,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA,<br><br>Defendant. | No. CV-11-05067-LRS<br><br>STIPULATED PROTECTIVE ORDER AND ORDER |

## 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. This Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled, under the



LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

applicable legal principles, to treatment as confidential. As set forth in Section 10, below, this

Protective Order creates no entitlement to file confidential information under seal; the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal will be governed by applicable law.

## 2. DEFINITIONS

2.1 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4 Receiving Party: a Party that receives Disclosure or Discovery material from a Producing Party.

2.5 Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6 Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."



LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

2.7 Protected Material: any Disclosure or Discovery Material that is designated as "Confidential."

2.8 Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.9 House Counsel: attorneys who are employees of a Party.

2.10 Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staff).

2.11 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its/her/his counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.12 Professional Vendors: persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

## 3. SCOPE

2.13 The protections conferred by this Order cover not only Protected Material (as defined above), but also all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.



**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

**4. DURATION**

2.14 Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. This Order shall remain in full force and effect and each person subject to this Order shall continue to be subject to the jurisdiction of this Court for the purposes of enforcement of the confidentiality terms of this Order. Within seventy-five (75) days after termination of this lawsuit, all Confidential Information and all copies of same (other than Litigation Documents and attorney work product containing references to such information) shall be returned to the Producing Party or made available for pick-up at its cost, or alternatively destroyed. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the Producing Party not more than 45 days after receiving the written notice required under this Paragraph.

**5. DESIGNATING PROTECTED MATERIAL**

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must use good faith efforts to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must use good faith efforts to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made



**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), may expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (*see*, *e.g.*, second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

a. for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" at the top or bottom of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify



**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

for protection under this Order, then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" at the top or bottom of each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

b. for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or nonparty that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top or bottom of each such page the legend "CONFIDENTIAL," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

c. for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of



**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

the information or item warrant protection, the Producing Party, to the extent practicable, shall also identify the protected portions.

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as “Confidential” does not, standing alone, waive the Designating Party’s right to secure protection under this Order for such material. If material is appropriately designated as “Confidential” after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Unless a prompt challenge to a Designating Party’s confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. A Party that elects to initiate a challenge to a Designating Party’s confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party. The Parties shall adhere to the procedures set forth in Civil Local Rule 37.1 in conducting the meet and confer conference. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party ten (10) days to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.



LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3 Formal Challenge to Designation. If, after engaging in the meet and confer process, a challenging Party still contends that a confidentiality designation was not proper, the challenging Party may at any time give written notice to the Designating Party stating in detail its objection to the confidentiality designation. Such written notice must specifically identify the challenged material and set forth in detail the legal basis for the challenge.

THE DESIGNATING PARTY HAS TWENTY-FIVE (25) DAYS FROM RECEIPT OF SUCH WRITTEN NOTICE TO APPLY TO THE COURT FOR AN ORDER SPECIFICALLY DESIGNATING THE DISCLOSURE OR DISCOVERY MATERIAL AT ISSUE AS CONFIDENTIAL. THE BURDEN OF PERSUASION TO ESTABLISH GOOD CAUSE IN ANY SUCH CHALLENGE PROCEEDING SHALL BE ON THE DESIGNATING PARTY.

6.4 Treatment of Information While Challenge is Pending.

6.5 Notwithstanding any challenge to the designation of Disclosure or Discovery Material as confidential, all materials designated as Confidential must be treated as such and subject to this order until one of the following occurs:

a. the Designating Party withdraws its confidentiality designation in writing; or

b. the Designating Party fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

c. the Court decides the material at issue is not subject to protection as confidential under this order.



**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

**7. ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

a. the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

b. the named parties to this litigation and the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);



**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

c. experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

d. the Court and its personnel;

e. court reporters and videographers, and their staffs, present at any hearing, deposition, or trial who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

f. professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

g. during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound and identified as "Confidential" by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

h. the author of the document or the original source of the information.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event



LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in this Order should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.



LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

**10. FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with applicable law.

**11. FINAL DISPOSITION**

11.1 **Return Of Protected Material After Final Disposition By Parties**: Unless otherwise ordered or agreed in writing by the Producing Party, within seventy-five (75) days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the seventy-five day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.



LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

11.2 **Return Of Protected Material After Final Disposition By Court**: Within seventy-five (75) days after the final termination of this action, the Court shall return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Any action by the Court shall be preceded by an *ex parte* motion for an order authorizing the return of all Protected Material.

**12. MISCELLANEOUS**

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 Relation To Court Or Local Rules. Without separate court order, the Protective Order and the parties' stipulation shall not change, amend, or circumvent any court rule or local rule.

DATED: June 30, 2011

///

///

///



**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

Kirk D. Miller, P.S.

s/ Kirk Miller
Kirk Miller, WSBA 40025
Attorney for Plaintiff

LANE POWELL pc

By s/John S. Devlin
John S. Devlin III, WSBA # 23988
Abraham K. Lorber, WSBA # 40668
Attorneys for Defendant FIA Card Services, N.A., *erroneously sued as* Bank of America

**ORDER**

IT IS SO ORDERED.

Dated this 5th day of July, 2011.

***s/Lonny R. Suko***

Lonny R. Suko
United States District Judge



LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _________________________ [print or type full name], of ______________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of Washington on ________ [date] in the case of *Briggs v. Bank of America*, No. CV-11-5067-LRS. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provision of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _______________________ [print or type full name] of ___________________________________ [print or type full address and telephone number] as my Washington agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

///

///

///

///



LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

Date: ______________________________

City and State where sworn and signed: ________________________

______________________________.

Printed name: __________________

Signature: _____________________



**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107